RECEIVED
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
2012 SEP   NORTHERN DIVISION

DEBRA P. HACKETT
|  |  |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK, a domestic banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE SECURITIES CORPORATION, a corporation; CWALT, INC., a corporation; CWMBS, INC., a corporation; COUNTRYWIDE FINANCIAL CORPORATION, a corporation; BANK OF AMERICA CORPORATION, a corporation; CITIGROUP GLOBAL MARKETS INC., a corporation; CREDIT SUISSE SECURITIES (USA) LLC, a limited liability company; J.P. MORGAN SECURITIES LLC, a limited liability company; MORGAN STANLEY & CO. LLC, a limited liability company; RBS SECURITIES INC., a corporation; and UBS SECURITIES LLC, a limited liability company,<br><br>Defendants. | Case No. 2:12-cv-784-WKW<br><br>Removed From:<br><br>Circuit Court of Montgomery County, Alabama<br>Case No. 03-CV-2012-901037.00<br><br>**COUNTRYWIDE DEFENDANTS' NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA:

Defendants Countrywide Securities Corporation, CWALT, Inc., CWMBS, Inc., and

Countrywide Financial Corporation (together, the "Countrywide Defendants"), hereby remove

Case No. 03-CV-2012-901037.00, filed with the Circuit Court of Montgomery County,

Alabama, and all claims and causes of action therein (the "Action"), to the United States District

Court for the Middle District of Alabama.[1] As grounds for removal, the Countrywide
Defendants state as follows:

1.      This Action may be removed under 28 U.S.C. § 1452(a) because it is "related to"
pending Title 11 bankruptcy proceedings, and the Court therefore has original jurisdiction over
this Action pursuant to 28 U.S.C. § 1334(b).

2.      This Action may be removed under 12 U.S.C. § 632 because it is of a civil nature,
a corporation organized under the laws of the United States is a party, and the Action arises out
of transactions involving international or foreign banking and/or other international or foreign
financial operations; and the Court therefore has original jurisdiction over this Action pursuant to
12 U.S.C. § 632.

3.      This Action may be removed under 28 U.S.C. § 1441(c)(1) because it includes
claims over which the Court has federal question jurisdiction pursuant to, *inter alia*, the
following statutes:

- 12 U.S.C. § 1819(b)(2)(A), because any case involving plaintiff Federal Deposit
  Insurance Corporation ("Plaintiff" or the "FDIC") "shall be deemed to arise under
  the laws of the United States";

- 12 U.S.C. § 1819(a), because the FDIC's congressional charter grants original
  federal jurisdiction over cases involving the FDIC; and

- 28 U.S.C. § 1349, which courts have interpreted to confer federal question
  jurisdiction over a civil action "by or against any corporation" that was
  incorporated by Congress and in which the federal government has a controlling
  interest.

The Court also has federal question jurisdiction over the claims under the Securities Act of 1933

(the "1933 Act").

---

[1] The Countrywide Defendants specially appear only for the purpose of removal, subject to and
without waiving any defenses and rights available to them, including without limitation all
defenses with respect to personal jurisdiction and otherwise.

4.     This Court is part of the "district and division" embracing the place where this Action was filed—Montgomery, Alabama in Montgomery County, Alabama. *See* 28 U.S.C. § 81(b); 28 U.S.C. § 1446(a); Fed. R. Bankr. Proc. 9027(a).

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

5.     On August 10, 2012, Plaintiff FDIC, as receiver for Colonial Bank, filed a summons (the "Summons") and a complaint (the "Complaint") in this Action in the Circuit Court of Montgomery County, Alabama. The case, captioned *Federal Deposit Insurance Corporation as Receiver for Colonial Bank v. Countrywide Securities Corporation, et al.*, was assigned Case Number 03-CV-2012-901037.00. The Summons and Complaint were served on the Countrywide Defendants on August 17, 2012. Copies of the Summons and Complaint are attached hereto as Exhibit 1.

6.     The Complaint alleges that Colonial Bank purchased approximately $283 million of mortgage-backed securities ("MBS") in eight offerings—identified by Plaintiff in Schedules 1 through 8 of the Complaint—that were sold, securitized, underwritten, and/or sponsored by the Countrywide Defendants. Plaintiff alleges that the offering documents filed with the Securities and Exchange Commission in connection with those MBS contained misstatements and omissions in violation of Sections 11, 12, and 15 of the 1933 Act, as well as state statutory law. The Complaint also alleges that Defendant Bank of America Corporation is liable for these claims as alleged successor to the Countrywide Defendants. The Countrywide Defendants dispute that they have any liability whatsoever to Plaintiff.

7.     The Countrywide Defendants' time to respond to the Complaint has not expired.

8.     No motions or other proceedings in this Action are pending in the Circuit Court of Montgomery County, Alabama.

- 3 -

9.      This notice of removal is timely because it is being filed within thirty (30) days after service of the Summons and the Complaint on any Defendant. *See* 28 U.S.C. § 1446(b); Fed. R. Bankr. P. 9027(a)(3).

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(a) ("RELATED TO" BANKRUPTCY JURISDICTION)

10.      Plaintiff's allegations in this Action against the Countrywide Defendants concern MBS backed by mortgage loans originated or acquired by entities that are the subject of pending bankruptcy proceedings under the United States Bankruptcy Code (the "Bankrupt Originators"). Mortgage loans were purchased from the Bankrupt Originators and included in the mortgage loan pools backing the MBS at issue. Plaintiff alleges that misstatements were made regarding the underwriting and characteristics of the mortgage loans backing the MBS purchased by Colonial Bank, including the mortgage loans in the pools originated by the Bankrupt Originators.

11.      The aggregate original principal amount of the loans purchased by the Countrywide Defendants from the Bankrupt Originators that back the MBS offerings at issue in this case is approximately $122.56 million. The Bankrupt Originators include 1st Republic Mortgage Bankers, Inc.; Alliance Bancorp, Inc. (f/k/a United Financial Mortgage Corp.); American Home Mortgage Corporation; Brightgreen Home Loans, Inc.; ComUnity Lending, Inc.; Corinthian Mortgage Corporation; Fieldstone Mortgage Company; First NLC Financial Services LLC; Home Savings Mortgage (f/d/b/a Quality Mortgage Group); Premier Mortgage Funding, Inc.; Prime Mortgage Financial, Inc.; and Southern Star Mortgage Corporation. The bankruptcy cases pending as to each of the Bankrupt Originators, including the bankruptcy court in which each case is pending, are set forth in the table below. Proofs of claim have been filed on behalf of the Countrywide Defendants and/or their affiliates in the bankruptcy proceedings of

- 4 -

each of the Bankrupt Originators.  Copies of those proofs of claim are attached as Exhibits 2–14, as set forth in the table below:

| | |
|---|---|
| *In re 1st Republic Mortgage Bankers, Inc.*, Case No. 09-72356 (E.D.N.Y.) | Exhibit 2 |
| *In re Alliance Bancorp*, Case No. 07-10942 (D. Del.) | Exhibit 3 |
| *In re Alliance Bancorp, Inc.*, Case No. 07-10943 (D. Del.) | Exhibit 4 |
| *In re American Home Mortgage Corp.*, Case No. 07-11051 (D. Del.) | Exhibit 5 |
| *In re Brightgreen Home Loans, Inc.*, Case No. 11-33050 (N.D. Tex.) | Exhibit 6 |
| *In re ComUnity Lending, Inc.*, Case No. 08-50030 (N.D. Cal.) | Exhibit 7 |
| *In re Corinthian Mortgage Corp.*, Case No. 12-12200-DHW (N.D. Miss.) | Exhibit 8 |
| *In re Fieldstone Mortgage Co.*, Case No. 07-21814 (D. Md.) | Exhibit 9 |
| *In re First NLC Financial Services, LLC*, Case No. 08-10632 (S.D. Fla.) | Exhibit 10 |
| *In re Home Savings Mortgage, et al.*, Case No. 07-13259 (C.D. Cal.) | Exhibit 11 |
| *In re Premier Mortgage Funding, Inc.*, Case No. 07-05713 (M.D. Fla.) | Exhibit 12 |
| *In re Prime Mortgage Financial, Inc.*, Case No. 08-40238 (D. Mass.) | Exhibit 13 |
| *In re Southern Star Mortgage Corp.*, Case No. 07-47023 (E.D.N.Y.) | Exhibit 14 |

      12.    This Action relates to the Bankrupt Originators' bankruptcy proceedings because this Action gives rise to claims against the Bankrupt Originators for indemnification, contribution, and/or other obligations (the "Indemnification Claims") relating to the loans from the Bankrupt Originators that back the MBS that are the subject of Plaintiff's allegations.  These Indemnification Claims are based on loan purchase and other agreements between certain Countrywide Defendants, their affiliates, and/or the Bankrupt Originators, as well as statutory and common law.  In particular, the loan purchase and other agreements impose indemnification obligations on the Bankrupt Originators for defense costs and any judgment or other amounts paid in resolution of this Action, including but not limited to indemnification arising out of any

alleged misstatements or omissions concerning the mortgage loans acquired from the Bankrupt Originators.

13.     Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  In turn, 28 U.S.C. § 1334(b) confers jurisdiction upon this Court of all civil proceedings that are "related to cases under title 11" of the U.S. Code (*i.e.*, the Bankruptcy Code).  This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), and this Action may therefore be removed to this Court by the Countrywide Defendants pursuant to 28 U.S.C. § 1452(a) because the Action is "related to" the thirteen pending Title 11 bankruptcy cases that are identified above in paragraph 11.

14.     "Related to" bankruptcy jurisdiction does not require that any of the parties to this case be in bankruptcy.  *E.g., Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386-87 (5th Cir. 2010) (in action by MBS purchaser against seller, "related to" bankruptcy jurisdiction existed based on bankruptcy proceeding of third-party debtor because indemnity obligations of third-party debtor to seller were "sufficient to create a dispute that is 'related to' [third-party debtor's] bankruptcy"); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 308-12 (C.D. Cal. 2010) (in action by MBS purchaser against seller, "related to" bankruptcy jurisdiction existed notwithstanding fact that "all parties to this lawsuit are non-debtors").

15.     "Related to" bankruptcy jurisdiction does not require that a Defendant in this case be the party with Indemnification Claims directly against the Bankrupt Originators.  *See Fed. Deposit Ins. Corp. as Receiver for Franklin Bank, S.S.B. v. Countrywide Sec. Corp.*, No. 2:12-

- 6 -

cv-03279-MRP (MANx), slip op. at 5 (C.D. Cal. Aug. 3, 2012) ("*Franklin Bank*") ("related to"

bankruptcy jurisdiction existed because "[a] 'chain of indemnification' runs from Defendants to

the Ongoing Bankruptcies") (attached as Exhibit 15); *Fed. Deposit Ins. Corp. as Receiver for*

*Security Savings Bank v. Banc of Am. Sec. LLC*, No. 2:12-CV-532, 2012 WL 2904310, at *4 (D.

Nev. July 16, 2012) ("*SSB I*") (same); *Fed. Deposit Ins. Corp. as Receiver for Security Savings*

*Bank v. Countrywide Fin. Corp.*, No. 2:12-CV-534, slip op. at 1 (D. Nev. July 13, 2012) ("*SSB*

*II*") (same) (attached as Exhibit 16); *accord In re El Paso Refinery, LP*, 302 F.3d 343, 348-49

(5th Cir. 2002) (same).

16.    This Action "relates to" bankruptcy actions because it could conceivably affect

the bankruptcy estates of the Bankrupt Originators,[2] and it therefore may be removed pursuant to

28 U.S.C. § 1452(a). *See, e.g., Lone Star Fund V*, 594 F.3d at 386 ("Federal courts have 'related

to' subject matter jurisdiction over litigation arising from a bankruptcy case if the 'proceeding

could conceivably affect the estate being administered in bankruptcy.'") (quoting *In re TXNB*

*Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007)).

17.    Numerous courts have held that materially indistinguishable indemnification

provisions confer "related to" bankruptcy jurisdiction in MBS litigation. *Lone Star Fund V*, 594

F.3d at 387 ("related to" bankruptcy jurisdiction existed where third-party debtor agreed to

indemnify MBS seller "in a variety of circumstances, including any breach of a representation

about the mortgages . . . and any claims made against [the seller] by third parties"); *Franklin*

---

[2] Assuming, *arguendo*, that it were necessary for the Countrywide Defendants to show a "close nexus" to a federal bankruptcy proceeding, which it is not, this case would still be related to those bankruptcies within the meaning of 28 U.S.C. § 1334(b) because the Countrywide Defendants' claims against the Bankrupt Originators directly affect the administration of the Bankrupt Originators' bankruptcy proceedings and the amounts available for distribution to creditors in those proceedings. *See, e.g., Stichting*, 447 B.R. at 310-11; *Allstate Ins. Co. v. ACE Sec. Corp.*, No. 11 Civ. 1914, 2011 WL 3628852, at *3-4 (S.D.N.Y. Aug. 17, 2011).

*Bank*, slip op. at 6 ("This case is related to the bankruptcies since any liability on the part of

Defendants 'impacts upon' the distribution and administration of the claims of creditors in the

bankruptcy proceeding."); *SSB I*, 2012 WL 2904310, at *4 ("[B]ecause these indemnity

agreements 'could conceivably have an[] effect on the estate being administered in bankruptcy'

related-to-bankruptcy jurisdiction exists.") (quoting *In re Fietz*, 852 F.2d 455, 457 (9th Cir.

1988)); *Stichting*, 447 B.R. at 309-11 ("related to" bankruptcy jurisdiction existed based on

mortgage loan purchase agreements between Countrywide Home Loans, Inc. and American

Home Mortgage Corporation and Countrywide's indemnification claims in the bankruptcy

proceeding of American Home Mortgage Corporation); *Dexia Holdings, Inc. v. Countrywide

Fin. Corp.*, No. 2:11-cv-07165-MRP-MAN, slip op. at 3 (C.D. Cal. Nov. 8, 2011) (same)

(attached as Exhibit 17); *Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*,

399 B.R. 119, 123 (E.D.N.Y. 2009) (in action by MBS purchaser against seller, "related to"

bankruptcy jurisdiction existed based on seller's indemnification claims in American Home

Mortgage Corporation bankruptcy); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan

Trust Inc.*, 572 F. Supp. 2d 314, 317-19 (E.D.N.Y. 2008) (same).

## REMOVAL IS PROPER UNDER 12 U.S.C. § 632 (EDGE ACT JURISDICTION)

18.     This Court has original jurisdiction over this Action pursuant to the Edge Act, 12

U.S.C. § 632, which states in pertinent part:

> Notwithstanding any other provision of law, all suits of a civil nature at common
> law or in equity to which any corporation organized under the laws of the United
> States shall be a party, arising out of transactions involving international or
> foreign banking, or banking in a dependency or insular possession of the United
> States, or out of other international or foreign financial operations, either directly
> or through the agency, ownership, or control of branches or local institutions in
> dependencies or insular possessions of the United States or in foreign countries,
> shall be deemed to arise under the laws of the United States, and the district courts
> of the United States shall have original jurisdiction of all such suits.

19.     This Action is "of a civil nature." 12 U.S.C. § 632. Plaintiff brings statutory and common law causes of action in its Complaint. Compl. ¶¶ 161-247.

20.     This Action names the FDIC, a "corporation organized under the laws of the United States," as a party. 12 U.S.C. § 632. As the FDIC alleges in the Complaint, it "is a corporation organized and existing under the laws of the United States of America." Compl. ¶ 4.

21.     This Action arises "out of transactions involving international or foreign banking ... or out of other international or foreign financial operations." 12 U.S.C. § 632. "A suit satisfies the jurisdictional prerequisites of Section 632 if *any part of it* arises out of transactions involving international or foreign banking." *Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005) (emphasis in original and citation omitted). Federal courts "routinely" extend federal jurisdiction on the basis of Section 632 "in cases based on state law causes of action and containing only an incidental connection to banking law," and "even though the international or foreign banking activity was not central to the case." *In re Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. 333, 340 (S.D.N.Y. 1996) (collecting cases); *accord Pinto v. Bank One Corp.*, No. 02 Civ. 8477, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) (holding that credit card transactions at issue were "foreign" for purposes of Section 632 when only five of them—"a small portion of the total listed on all [plaintiffs'] statements"—used a non-party bank located in Bermuda as a merchant bank); *Am. Int'l Group, Inc. v. Bank of Am. Corp.*, 820 F. Supp. 2d 555, 557 (S.D.N.Y. 2011) (no "de minimis" exception to the Edge Act).

22.     Plaintiff's claims concern alleged mortgage lending practices of the Countrywide Defendants and other originators of mortgage loans in, among other places, dependencies and insular possessions of the United States. Investors were informed in the offering materials that the pools of loans underlying the MBS at issue in this case could include loans secured by real

- 9 -

properties located in such United States dependencies and insular possessions. *See, e.g.*,

Prospectus Supplement, Alternative Loan Trust Mortgage Pass-Through Certificates, Series

2005-86CB, at 13 (Dec. 27, 2005).[3]  At least one loan in those pools was secured by real

property in Guam.

  23. Accordingly, this Court has jurisdiction under the Edge Act, 12 U.S.C. § 632.

*See, e.g., Am. Int'l Group*, 820 F. Supp. 2d at 557 (four territorial mortgages located in Guam

and Virgin Islands underlying 349 MBS transactions conferred federal jurisdiction under the

Edge Act); *Burgos v. Citibank, NA.,* 432 F.3d 46, 47 n.l, 49 (1st Cir. 2005) ("Section 632 applies

to banking transactions in Puerto Rico," such as "mortgage loan agreements."); *People of Puerto

Rico v. E. Sugar Assocs.,* 156 F.2d 316, 318-20 (1st Cir. 1946) (federal jurisdiction under the

Edge Act was "clear" where the suit arose out of a petition to condemn land in Puerto Rico and

one defendant was the bank holding the mortgage on the land).

### THIS ACTION MAY BE REMOVED UNDER 28 U.S.C. § 1441(c)(1)
### (JOINDER OF FEDERAL QUESTION CLAIMS AND NONREMOVABLE CLAIMS)

  24. Plaintiff's claims in this Action may be removed under 28 U.S.C. § 1441(c)(1)

because they include both removable claims over which the Court has federal question

jurisdiction (*i.e.*, Plaintiff's state law and successor liability claims) and claims not removable

under 28 U.S.C. § 1441(a) (*i.e.*, Plaintiff's 1933 Act claims). *See* 15 U.S.C. § 77v (precluding

removal of actions with 1933 Act claims under 28 U.S.C. § 1441(a)).

  25. As recently amended, Section 1441(c)(1) provides: "If a civil action includes (A)

a claim arising under the Constitution, laws, or treaties of the United States (within the meaning

of section 1331 of this title), and (B) . . . a claim that has been made nonremovable by statute, the

---

[3] *See* http://www.sec.gov/Archives/edgar/data/1269518/000095012905012355/
v15567e424b5.txt.

entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B) [*i.e.*, the nonremovable claim]."

26.     This Action includes claims arising under the laws of the United States that are removable (*i.e.*, the state law and successor liability claims).  The FDIC has already conceded in another pending Countrywide MBS case that "the FDIC's presence in the case confers federal question jurisdiction under 28 U.S.C. § 1819(b)(2)(A)."  *Fed. Deposit. Ins. Corp. as Receiver for United Western Bank, F.S.B. v. Countrywide Fin. Corp.*, No. 11-CV-10400-MRP-MANx, slip op. at 1 (C.D. Cal. Mar. 20, 2012) ("*United Western Bank*") (attached as Exhibit 18).  As a result, this Court has federal question jurisdiction over Plaintiff's state law and successor liability claims.  *Id.* (holding that the court had federal question jurisdiction over the FDIC's state law claims).  Indeed, this Court has original federal jurisdiction over Plaintiff's state law and successor liability claims for, *inter alia*, the following three separate and independent reasons:

a.     *First*, under 12 U.S.C. § 1819(b)(2)(A), a civil action "shall be deemed to arise under the laws of the United States" where "[the FDIC], in any capacity, is a party."  12 U.S.C. § 1819(b)(2)(A); *accord Adair v. Lease Partners, Inc.*, 587 F.3d 238, 242 (5th Cir. 2009) ("Because a suit and all its component claims are conclusively deemed to arise under federal law once the FDIC is a party, [28 U.S.C.] § 1819(b)(2) provides jurisdiction over suits whose causes of action may otherwise largely depend on state law and which may not otherwise be subject to federal-question jurisdiction."); *Fed. Deposit Ins. Corp. v. Cabral*, 989 F.2d 525, 526 (1st Cir. 1992) (explaining that "parties [other than the FDIC] *can* remove lawsuits involving the FDIC to

federal court" and "are authorized to do so . . . by Section 1819(b)(2)(A) . . . [b]ecause cases involving the FDIC as a party 'arise under' federal law") (emphasis in original).[4]

      b.     *Second,* under 12 U.S.C. § 1819(a), Congress has provided for original federal jurisdiction over civil suits to which the FDIC is a party. The FDIC's congressional charter authorizes the FDIC "[t]o sue and be sued, and complain and defend, . . . in any court of law or equity, State or Federal." 12 U.S.C. § 1819(a). The Supreme Court has expressly found that such language "granted original federal jurisdiction." *Am. Nat'l Red Cross v. S.G. & A.E.,* 505 U.S. 247, 254-55 (1992) (quoting *D'Oench, Duhme & Co., Inc. v. Fed. Deposit Ins. Corp.,* 315 U.S. 447, 455-56 (1942)).

      c.     *Third,* under 28 U.S.C. § 1349, this Court has original federal question jurisdiction over civil actions "by or against any corporation upon the ground that it was incorporated by or under an Act of Congress," as long as "the United States is the owner of more than one-half of its capital stock." 28 U.S.C. § 1349; *Adkins v. Ill. Cent. R.R. Co.,* 326 F.3d 828, 834 (7th Cir. 2003); *Wyant v. Nat'l R.R. Passenger Corp.,* 881 F. Supp. 919, 924 (S.D.N.Y. 1995). Section 1349 confers jurisdiction even where the government has no literal stock ownership in the entity in question because Section 1349 was meant "to preserve federal question jurisdiction over federally-chartered corporations in which the Government has the controlling interest" and the "use of the words 'unless the United States is the owner of more

---

[4] 12 U.S.C. § 1819(b)(2)(D), the limited exception to federal question jurisdiction over FDIC-related actions, does not apply to this case. Under that provision, a case "shall not be deemed to arise under the laws of the United States" if (i) the FDIC is involved as "a party other than as a plaintiff"; (ii) the case involves "only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution"; and (iii) "only the interpretation of the law of such State is necessary." Here, (i) the FDIC is the plaintiff; (ii) the case does not involve preclosing rights against Colonial Bank or obligations owing to Colonial Bank's depositors, creditors, or stockholders; and (iii) the interpretation of federal law is necessary.

than one-half of its capital stock' simply represents a short-hand expression for control." *Gov't Nat'l Mortg. Ass'n v. Terry*, 608 F.2d 614, 620 n.10 (5th Cir. 1979); *accord C.H. v. Am. Red Cross*, 684 F. Supp. 1018, 1022 (E.D. Mo. 1987) ("The foregoing legislative history demonstrates that Section 1349 was intended to confer federal jurisdiction on suits involving all 'Government-controlled corporations' and not only those corporations controlled by the government by virtue of majority stock ownership."). The FDIC was incorporated by an act of Congress and is government-controlled. *See* 12 U.S.C. § 1819(a). Therefore, this Court has federal question jurisdiction over this matter.

27.      This Action would be removable without inclusion of the 1933 Act claims. *See SSB I*, 2012 WL 2904310, at *2 (denying the FDIC's motion to remand state securities act claims on the basis of federal question jurisdiction); *SSB II*, slip op. at 1 (same); *United Western Bank*, slip op. at 1 (denying the FDIC's motion to remand state securities act and successor liability claims on the basis of federal question jurisdiction).

28.      As a result, the entire Action may be removed under Section 1441(c)(1).

### SECTION 22(a) OF THE 1933 ACT DOES NOT BAR REMOVAL

29.      Section 22(a) of the 1933 Act does not prohibit removal under 28 U.S.C. § 1452(a), 12 U.S.C. § 632, or 28 U.S.C. § 1441(c)(1).

30.      This Action is removable under 28 U.S.C. § 1452(a) and 12 U.S.C. § 632, which are not subject to the removal bar of Section 22(a). Although Section 22(a) precludes the removal of this Action under the general removal statute, 28 U.S.C. § 1441(a), it "does not

prevent removal based on other grounds." *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*,
No. SA CV 03-813, 2003 WL 22025158, at *2 (C.D. Cal. June 30, 2003).[5]

31.     This Action is also removable under 28 U.S.C. § 1441(c)(1), which expressly
provides for the removal of actions that include nonremovable claims when joined with a
removable claim over which the Court has federal question jurisdiction. *See SSB I*, 2012 WL
2904310, at *2 (entire action removable notwithstanding presence of nonremovable 1933 Act
claims); *SSB II*, slip op. at 1 (same); *Taylor v. City of Bristol, Va.*, No. 1:12CV00003, 2012 WL
748625, at* 1 (W.D. Va. Mar. 8, 2012) ("The removal power covers the entire action in which a
federal claim is raised[,] . . . even where it includes an otherwise nonremovable claim.").

### EQUITABLE CONSIDERATIONS SUPPORT REMOVAL

32.     Equitable considerations further support the exercise of jurisdiction over this
Action under 28 U.S.C. § 1452(a). Those considerations, which focus on whether issues of
federal law predominate, show that a federal court is better positioned to resolve the issues in this
case.

33.     This is a federal case at its core. Numerous other, substantially identical MBS
cases already are pending against the Countrywide Defendants in federal court, including cases
that have been transferred to a multidistrict litigation proceeding pending in the United States
District Court for the Central District of California that was established on August 15, 2011, by

---

[5] *Accord Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 108 (2d Cir. 2004)
("[G]enerally nonremovable claims brought under the Securities Act of 1933 may be removed to
federal court if they come within the purview of 28 U.S.C. § 1452(a), which confers federal
jurisdiction over claims that are related to a bankruptcy case."); *Luther v. Countrywide Fin..
Corp.*, 12-cv-05125-MRP (MANx), slip. op. at 5 (C.D. Cal. Sept. 4, 2012) ("Given Congress'
clear purpose in centralizing the administration of bankruptcy related matters in the federal
courts, pursuant to its constitutional power to draft laws on the subject of bankruptcy, § 1452(a)
must supersede the removal bar in the 1933 Act.") (attached as Exhibit 19).

the Judicial Panel on Multidistrict Litigation (the "JPML") for cases—such as this one—that concern Countrywide MBS. The JPML centralized such cases for consolidated or coordinated pre-trial proceedings before the Honorable Mariana Pfaelzer. *See In re Countrywide Mortgage-backed Sec. Litig.,* MDL No. 2265 (the "Countrywide MDL") (a copy of the JPML's order forming the Countrywide MDL is attached as Exhibit 20). There are currently 29 cases (both putative class actions and individual actions, including four cases brought by the FDIC) that have been transferred to the Countrywide MDL, as well as one additional case (also brought by the FDIC) subject to an order issued by the JPML conditionally transferring it to the Countrywide MDL). Two additional cases brought by the FDIC are currently pending before Judge Pfaelzer, which the Countrywide Defendants intend to coordinate with the Countrywide MDL as well. In the present case now being removed, the Countrywide Defendants intend to file a notice of related action with the JPML pursuant to Rule 7.1(a) of the Rules of Procedure of the JPML, notifying the JPML of this potential "tag-along action" for the purpose of transfer to the Countrywide MDL. There would be great efficiency in coordinating this case with the substantially similar Countrywide MBS cases already pending in the Countrywide MDL, which weighs heavily in favor of exercising federal jurisdiction.

34. Indeed, Judge Pfaelzer has reached the same conclusion in deciding to exercise jurisdiction over MBS cases in the Countrywide MDL and denying motions to remand such cases, including cases where the plaintiffs (such as the FDIC) have brought both federal securities claims and state law claims, as Plaintiff has here. *See Stichting,* 447 B.R. at 312 ("Most significantly, this is a federal securities action at its core; a nearly identical action is already proceeding here in this Court. The issues in this lawsuit are complex and in some respects novel, but they involve the application of federal law. This Court is intimately familiar

- 15 -

with these issues because its docket includes a nearly identical case. Both cases include allegations of violations of Sections 11, 12 and 15 of the federal Securities Act of 1933 . . . By contrast, with respect to the state law claims, there are no unsettled or difficult issues of state law that weigh in favor of remand. Thus, this Court is better suited to resolve these issues than the Los Angeles County Superior Court."; denying remand motion) (citation omitted); *Franklin Bank*, slip op. at 8-9 ("Applying *Stichting*, the Court finds equitable remand inappropriate here. . . . All four of the FDIC-brought cases based on purchases of Countrywide mortgage backed securities have been removed to federal court. Congressional intent, which was to decrease duplicative litigation, is best served by retaining jurisdiction over this case."; denying remand motion).[6]

35.     Moreover, there are numerous bases for federal jurisdiction over this Action, making it appropriate to hear this Action in federal court. For example:

        a.      As described above in Paragraphs 10–17, this Court has original jurisdiction over this Action under 28 U.S.C. § 1334(b).

        b.      As described above in Paragraphs 18–23, this Court has original jurisdiction over this Action under 12 U.S.C. § 632.

_____

[6] *Accord Dexia Holdings, Inc.*, slip op. at 4-5 ("Only three of the nine causes of action in this case are brought under federal law, but those three causes of action constitute the heart of the case. Those claims raise complicated and unsettled questions related to, *inter alia,* falsity, materiality, tolling, standing, and statutes of repose and limitations. The state law claims, by contrast, present no unsettled or difficult legal issues that would militate in favor of remand. The Court has overseen cases relating to Countrywide for the past four years . . . . [T]his case would benefit from coordination with the other Countrywide RMBS [*i.e.,* residential MBS] suits currently pending before the Court."; denying remand motion); *Fed. Housing Fin. Agency v. Countrywide Fin. Corp.*, No. 2:12-cv-01059-MRP (MANx), slip op. at 1 (C.D. Cal. Apr. 5, 2012) ("This case is on all fours with *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,* 447 B.R. 302 (C.D. Cal. 2011). . . . The Court finds that bankruptcy related-to jurisdiction is appropriate, and equitable remand inappropriate, for the same reasons set out in *Stichting*."; denying remand motion) (attached as Exhibit 21).

- 16 -

c.   As described above in Paragraph 26(a), this Court has original jurisdiction over this Action under 28 U.S.C. § 1819(b)(2)(A).

d.   As described above in Paragraph 26(b), this Court has original jurisdiction over this Action under 28 U.S.C. § 1819(a).

e.   As described above in Paragraph 26(c), this Court has original jurisdiction over this Action under 28 U.S.C. § 1349.

f.   This Court has original jurisdiction over this Action under 28 U.S.C. § 1331 because Plaintiff brings claims under Sections 11, 12(a)(2), and 15 of the 1933 Act and those claims "arise under" the laws of the United States. 28 U.S.C. § 1331.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

36.   The Countrywide Defendants state that the claims asserted against them are non-core within the meaning of 28 U.S.C. § 157(b)(2). As required by Federal Rule of Bankruptcy Procedure 9027(a)(1), the Countrywide Defendants state that they do not consent to entry of final order of judgment by any bankruptcy judge.

37.   Pursuant to 28 U.S.C. § 1446(d), the Countrywide Defendants will serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy with the Clerk of the Circuit Court of Montgomery County, Alabama. Pursuant to 28 U.S.C. § 1446(a), and attached as Exhibit 22, is a copy of a Notice of Filing of Notice of Removal, which will be filed with the Clerk of the Circuit Court of Montgomery County, Alabama.

38.   All Defendants consent to the removal of this Action to this Court, subject to and without waiving any defenses and rights available to them.

39.   The Countrywide Defendants sign this Notice of Removal under Rule 11 of the Federal Rules of Civil Procedure.

- 17 -

40.    The Countrywide Defendants reserve the right to submit additional evidence and

argument as needed to supplement this "short and plain statement of the grounds for removal."

28 U.S.C. § 1446(a); *see also* Fed. R. Bankr. P. 9027(a).

## CONCLUSION

41.    This Court has original jurisdiction over this Action, and this Action is removable

under 12 U.S.C. § 632 and 28 U.S.C. §§ 1441, 1446, and 1452(a).

BASED ON THE FOREGOING, the Countrywide Defendants hereby remove this Action, now

pending in the Circuit Court of Montgomery County, Alabama to the United States District

Court for the Middle District of Alabama.

Dated:   September 10, 2012                 Respectfully submitted,

                                            COUNTRYWIDE SECURITIES CORPORATION;
                                            CWALT, INC.; CWMBS, INC.; and
                                            COUNTRYWIDE FINANCIAL CORPORATION

                                            _____
                                            Dorman Walker (ASB-9154-R81J)
                                            **BALCH & BINGHAM LLP**
                                            Post Office Box 78
                                            Montgomery, AL  36101-0078
                                            Phone:  (334) 834-6500
                                            Fax:  (334) 269-3115
                                            dwalker@balch.com

                                            OF COUNSEL
                                            Brian E. Pastuszenski
                                            Inez H. Friedman-Boyce
                                            **GOODWIN PROCTER LLP**
                                            53 State Street
                                            Boston, Massachusetts 02109
                                            Phone:  (617) 570-1000
                                            Fax:  (617) 523-1231
                                            bpastuszenski@goodwinprocter.com
                                            ifriedmanboyce@goodwinprocter.com

                                            Daniel Roeser
                                            **GOODWIN PROCTER LLP**
                                            The New York Times Building
                                            620 Eighth Avenue
                                            New York, NY 10018
                                            Phone: (212) 813-8800
                                            Fax: (212) 355-3333
                                            droeser@goodwinprocter.com

- 18 -

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States Mail, first class postage prepaid, and properly addressed to the following:

Dennis R. Bailey
R. Austin Huffaker
J. Evans Bailey
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, AL  36101-0270

This the 10th day of September, 2012.

Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing document with the Clerk of the Court which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States Mail, first class postage prepaid, and properly addressed to the following:

Dennis R. Bailey
R. Austin Huffaker
J. Evans Bailey
Rushton Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, AL 36101-0270

David J. Grais
Mark B. Holton
Grais & Ellsworth LLP
1211 Avenue of the Americas
New York, NY 10036

This the 10th day of September, 2012.

Of Counsel