IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK, a domestic banking corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:12-CV-784-WKW ) [WO] |
| CREDIT SUISSE SECURITIES (USA) LLC, a limited liability company; RBS SECURITIES INC., a corporation; and UBS SECURITIES LLC, a limited liability company, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the court are the motion to strike defenses (Doc. # 45) filed by the Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R"), the memorandum of law in opposition (Doc. # 56) filed by Defendants Credit Suisse Securities (USA) LLC, RBS Securities Inc., and UBS Securities LLC,[1] and the FDIC-R's reply (Doc. # 63). The FDIC-R moves to strike Defendants' affirmative defenses alleging a lack of loss causation and failure to mitigate damages. As

---

[1] Morgan Stanley & Co. LLC also joined the memorandum of law in opposition, but it has since reached a settlement with the FDIC-R. Accordingly, Morgan Stanley & Co. LLC is no longer a defendant in this action.

grounds, the FDIC-R contends that the multidistrict litigation court ("MDL court"), in its decision denying Defendants' motion for summary judgment, found that these two affirmative defenses were not legally cognizable under § 8-6-19(a)(2) of the Alabama Securities Act. (*See* Doc. # 12-393 (Order Denying Defs.' Mot. Summ. J.).) Defendants dispute the FDIC-R's characterization of the MDL court's rulings and assert that they are entitled to invoke these affirmative defenses at trial.

This Order presumes the court's and the parties' familiarity with the protracted history of this lawsuit, which will not be repeated here. Based upon careful consideration of the arguments of counsel and the relevant law, the FDIC-R's motion to strike defenses is due to be granted in part and denied in part.

Federal Rule of Civil Procedure 12(f) governs motions to strike. Rule 12(f) provides that "[t]he court may strike from a pleading an *insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Although Rule 12(f) is not a favored remedy, its use is proper if an affirmative defense is insufficient as a matter of law. *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 779 (11th Cir. 1982). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (citation and internal quotation marks omitted). While a court may invoke Rule 12(f)'s remedy "on its own" at any time, Rule 12(f) imposes a

timeliness requirement on a party. A party must file a motion to strike "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

Defendants raised lack of loss causation and failure to mitigate damages as affirmative defenses in their Answer to the First Amended Complaint filed on July 5, 2013. (*See* Doc. # 12-2 (MDL Docket Sheet); Doc. # 12-191 (Answer to 1st Am. Compl.).) Because a party is not permitted to file a responsive pleading to an answer, the FDIC-R had twenty-one days after being served with the Answer to file a motion to strike. The twenty-one-day deadline had long passed when the FDIC-R filed its motion to strike on August 24, 2015. While the FDIC-R's motion to strike is untimely, the court will consider the motion on its own initiative and will not deny it as untimely. *See* Fed. R. Civ. P. 12(f); *see also Katz v. Chevaldina*, No. 12-22211-CIV, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) ("The Court's discretion under Rule 12(f) 'renders the twenty-[one-]day rule essentially unimportant, as the Court has the authority to hear a motion to strike at any time after the twenty-[one-]day period." (quoting *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 155 n.2 (S.D. Fla. 2003)). Consideration of the motion is an appropriate exercise of the court's discretion under Rule 12(f) because the motion has some merit and pretrial resolution of the motion will streamline the issues for trial. *Cf.* Fed. R. Civ. 12(h)(2) ("Failure . . . to state a legal defense to a claim may be raised . . . at trial.").

3

The FDIC-R contends that the MDL court's rulings on summary judgment establish that Defendants' affirmative defenses of lack of loss causation and failure to mitigate damages are insufficient as a matter of law and, therefore, should be stricken. The summary judgment ruling as to each affirmative defense and that ruling's bearing on the motion strike is addressed in turn.

During the consolidated pretrial proceedings in this action, the MDL court entered an opinion denying Defendants' motion for summary judgment. The MDL court found that Defendants' affirmative defense of lack of loss causation was not cognizable under § 8-6-19(a)(2) of the Alabama Securities Act ("ASA"). It recognized that the Alabama Supreme Court had not addressed whether a defendant could assert lack of loss causation as an affirmative defense to a claim under § 8-6-19(a)(2). However, it found the answer in the plain language of the statute and through guidance from analogous precedent: "[T]here is no mention of loss causation" in § 8-6-19(a)(2), and the Alabama Supreme Court "has clarified that there is no causation element to § 8-6-19(a)(1), which is essentially identical to § 8-6-19(a)(2)." (Doc. # 12-393, at 4 (citing *Ritch v. Robinson-Humphrey Co.*, 748 So. 2d 861, 862 (Ala. 1999) ("A cause of action based on § 8-6-19(a)(1), part of the Alabama Securities Act, . . . does not contain a causation element")).) The MDL court also rejected Defendants' urging to find an affirmative defense for lack of loss causation implicit in the ASA based upon Alabama's reluctance to find "implicit causation elements in its blue sky law." (Doc. # 12-393, at 5 (internal footnote

4

omitted).)  Finally, the MDL court observed that the ASA tracked § 12(2) of the Securities Act of 1933, but that Alabama's legislature had not amended the ASA in response to a later congressional amendment that added a defense of lack of loss causation to § 12(2).

Absent a change in the law or other substantial change in circumstances, the court will not disturb the MDL court's well-reasoned conclusions of law on summary judgment as to the unavailability of the affirmative defense of lack of loss causation under § 8-6-19(a)(2).  The MDL's conclusions demonstrate that an affirmative defense of lack of causation is legally insufficient as a matter of law under § 8-6-19(a)(2).  Accordingly, based upon the MDL court's ruling, the court will strike Defendants' affirmative defense of lack of loss causation.

The court does not reach the same conclusion as to the FDIC-R's argument that the MDL court's denial of summary judgment renders Defendants' affirmative defense of failure to mitigate damages legally insufficient.  The FDIC-R reads that ruling too broadly.  On summary judgment, Defendants contended that the FDIC-R is not "entitled to damages under the ASA as [it] did not dispose of the certificates at suit at fair [market] value."  (Doc. # 12-393, at 3.)  Rejecting that argument, the MDL court found that the plain language of § 8-6-19 contains "no requirement that plaintiff show disposition at fair market value" in order to recover damages.  (Doc. # 12-393, at 10.)  That the MDL court found that the FDIC-R need not prove that it received fair market value for a security in order to recover damages is not to say

that the MDL court found that failure to mitigate damages is not a legally cognizable affirmative defense under § 8-6-19(a)(2). (*See* Doc. # 12-191 (Answer to 1st Am. Compl. ¶ 22) (alleging as an affirmative defense that the FDIC-R failed "to take reasonable action to minimize any damages").) The court finds that the narrow ruling of the MDL court on damages provides an insufficient basis upon which to impose Rule 12(f)'s drastic remedy and strike in toto Defendants' affirmative defense of failure to mitigate damages.

Accordingly, it is ORDERED that the FDIC-R's motion to strike affirmative defenses (Doc. # 45) is GRANTED in part and denied in part. The motion is GRANTED as to Defendants' affirmative defense of lack of loss causation and that affirmative defense is STRICKEN. The motion is DENIED as to Defendants' affirmative defense of failure to mitigate damages.

DONE this 31st day of March, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE