IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FEDERAL DEPOSIT INSURANCE )
CORPORATION AS RECEIVER )
FOR COLONIAL BANK, a domestic )
banking corporation, )
  )
      Plaintiff, )
  )
v. )   CASE NO.  2:12-CV-784-WKW
  )         [WO]
CREDIT SUISSE SECURITIES )
(USA) LLC, a limited liability )
company; RBS SECURITIES INC., )
a corporation; and UBS )
SECURITIES LLC, a limited )
liability company, )
  )
      Defendants. )

## ORDER

Before the court are the motion for leave to amend complaint (Doc. # 43) filed by the Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R"), the opposition (Doc. # 57) filed by Defendants Credit Suisse Securities (USA) LLC, RBS Securities Inc., and UBS Securities LLC[1], and the FDIC-R's reply (Doc. # 66).  The FDIC-R moves to amend the governing First Amended Complaint, which brings claims under the Alabama Securities Act ("ASA"), § 8-6-19(a)(2), for material misstatements allegedly made in the offering documents for specified

---

[1] Morgan Stanley & Co. LLC also joined the opposition, but it has since reached a settlement with the FDIC-R.  Morgan Stanley & Co. LLC is no longer a defendant in this action.

residential mortgage-backed securities that Defendants underwrote.  The proposed amendment includes supplemental facts to support the FDIC-R's statutory standing and adds a claim under Nevada's Uniform Securities Act as to each security at issue. The impetus for the FDIC-R's requested amendment is "Defendants' decision to seek leave to file an additional dispositive motion" to challenge the FDIC-R's statutory standing to bring the ASA claims.[2]  (Doc. # 44, at 7.)  Defendants oppose the motion on grounds of undue delay, undue prejudice, and futility.  (Doc. # 57.)

---

[2] A few sideline notes about the dispositive motion and statutory standing will help furnish context to the issues at hand.  The FDIC-R filed its motion for leave to amend the complaint on August 24, 2015.  At that time, Defendants had notified the FDIC-R of their intent to file a summary judgment motion, but had not yet filed the motion.  On October 2, 2015, pursuant to a briefing schedule jointly proposed by the parties, Defendants filed that motion, arguing that Colonial Bank's wholly owned subsidiary, CBG Investments, Inc., ("CBGI"), although now dissolved under Nevada law, was the buyer of securities and the only party with statutory standing to bring a claim under § 8-6-19(a)(2).  (*See generally* Docs. # 58–59.)  It is this challenge, now formalized by motion, that prompted the FDIC-R to file its motion for leave to amend the complaint in order to augment its statutory standing allegations and to add a claim under Nevada's Uniform Securities Act as to each security based upon the fact that "CBGI executed the trades in Nevada."  (Doc. # 44, at 4.)  The summary judgment motion is pending, but brief discussion of the motion is set out *infra* at note 5.

Because the FDIC-R brings this lawsuit in its capacity as the receiver for Colonial Bank, *see* 12 U.S.C. § 1821(d)(2)(A), its statutory standing turns on whether Colonial Bank would have had statutory standing to bring the claims in this suit.  Lest there be no confusion as to the nature of the challenge to statutory standing, the challenge does not implicate this court's subject-matter jurisdiction.  Whether the FDIC-R has statutory standing concerns the merits of the action and not whether there is subject-matter jurisdiction.  *See generally City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262, 1273–74 (11th Cir. 2015) (explaining that the "longstanding doctrinal label of 'statutory standing' (sometimes also called 'prudential standing') is misleading" because "[t]he proper inquiry is whether the plaintiff has a cause of action under the statute" (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014)); *cf. Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669 n.13 (7th Cir. 1998) (noting that the purchaser standing doctrine under federal securities laws is "prudential in nature"), *abrogated on other grounds by Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010); *In re Thornburg Mortg., Inc. Sec. Litig.*, 683 F. Supp. 2d 1236, 1254–55 (D.N.M. 2010) (observing that whether the plaintiffs "lack[ed] statutory standing under Sections 11 and 12(a)(2) against certain Defendants" was not an issue affecting subject-matter jurisdiction), *on reconsideration in part*, 824 F. Supp. 2d 1214

The FDIC-R's motion came under submission on November 13, 2015 (*see* Doc. # 47), and is ripe for a ruling. For the reasons that follow, the motion for leave to amend is due to be denied.

This Order presumes the court's and the parties' familiarity with the expansive record and the procedural history of this case, including the consolidated pretrial proceedings conducted in multidistrict litigation ("MDL"); therefore, this Order dispenses with their inclusion. The following dates are significant for purposes of resolving the motion for leave to amend the complaint. The FDIC-R filed this action on September 10, 2012; the First Amended Complaint, which is the governing complaint, was filed on February 12, 2013; fact discovery closed on February 28, 2014; the summary judgment deadline was on August 29, 2014; consolidated pretrial proceedings in MDL concluded by December 30, 2014; and the trial of this case, which has been continued once, has been specially set to commence on October 24, 2016.

Under Federal Rule of Civil Procedure 15(a)(2), as applies here, after a defendant has filed a responsive pleading and absent the defendant's written consent, a plaintiff must obtain leave of court to amend the complaint, and "[t]he court should freely give leave when justice so requires."[3] Fed. R . Civ. P. 15(a)(2). The court

---

(D.N.M. 2011) and *aff'd sub nom. Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190 (10th Cir. 2013).

[3] The FDIC-R advocates for the liberal standard of Rule 15(a)(2), arguing that the scheduling orders entered by the MDL court did not include a deadline for amending the pleadings.

should deny a motion to amend, however, if a countervailing factor exists, such as "undue delay, undue prejudice to the defendants, [or] futility of the amendment." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006). Here, undue delay and prejudice support denial of leave to amend.[4]

First, the FDIC-R unduly delayed in filing its motion for leave to amend. "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013). The FDIC-R acknowledges that the FDIC-R became aware of facts in early March 2014 that "CBGI may have played a significant role in the transactions at issue." (Doc. # 66, at 2.) By August 29, 2014, it had sought and obtained from third parties additional documents that provided more details about CBGI's role. Despite this knowledge, the FDIC-R did not move for leave to file a Second Amended Complaint until nearly a year later on August 24, 2015. Concerning the reason for the delay, the FDIC-R has not contended that it lacked adequate opportunities to amend its complaint after it became aware of facts in early

---

Defendants urge the court to apply a "good cause" standard in light of the fact that discovery has closed. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(3)–(4) (providing that a scheduling order "must limit the time to . . . amend the pleadings" and that a scheduling order "may be modified only for good cause and with the judge's consent"). It is unnecessary to resolve this dispute about the proper standard of review because the FDIC-R fails to satisfy the more forgiving standard of Rule 15(a)(2).

[4] This Order does not imply bad faith on the part of the FDIC-R.

March 2014 that implicated CBGI's involvement in the purchase of the securities at issue.  Rather, it asserts that the amendment is necessary to counter what was at the time an anticipated summary judgment motion, but this reason does not find support in the case law for permitting the amendment.  *See Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("It is not an abuse of discretion for a district court to deny a motion for leave to amend a complaint when such motion is designed to avoid an impending adverse summary judgment."); *Local 472 v. Ga. Power Co.*, 684 F.2d 721, 724–25 (11th Cir. 1982) (The district court did not abuse its discretion in denying a motion for leave to amend the complaint that appeared to be "nothing more than an effort to avoid an adverse summary judgment ruling"). Although, unlike in *Lowe's Home Centers* and *Local 472*, the FDIC-R's motion to amend the complaint preceded the filing of the summary judgment motion, this is a procedural distinction without a difference because the motivation for seeking the amendment in this case is the same.

The FDIC-R also contends that to deny the motion for leave to amend would reward Defendants for their dilatoriness in failing to include the statutory standing argument in their summary judgment motion filed on August 29, 2014.  There is some meat to that argument, but it is too lean to amount to an adequate reason for amending the complaint at this late date.   Ultimately, it is the FDIC-R's

responsibility to plead its complaint properly so as to give Defendants fair notice of its claims and to do so in a timely manner.[5]

Second, allowing the amendment would prejudice Defendants.  The undue delay is tied to the ensuing prejudice to Defendants.  "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999); *see also J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 352 (N.D. Ind. 2010) ("The amount of unfair prejudice to the nonmoving party is a 'significant factor' in determining whether to grant leave to amend, and it is often considered together with undue delay.").  If the amendment is permitted, there will be the initial delay while awaiting the round of

---

[5] With that said, Defendants' second motion for summary judgment, filed on October 2, 2015 (Doc. # 58), appears to be just as untimely as the FDIC-R's motion for leave to amend the complaint. Defendants do not rebut the FDIC-R's contention that the depositions of two Colonial Bank executives, taken in March 2014, raised a factual issue of whether CBGI, rather than Colonial Bank, was the buyer of the securities at issue. Yet, Defendants did not challenge the FDIC-R's statutory standing in their first summary judgment motion, which was timely filed in compliance with the MDL court's scheduling order deadline of August 29, 2014. Instead, Defendants delayed notice of their intent to file a second dispositive motion challenging statutory standing until at the latest almost a year later on July 24, 2015, when the parties filed a joint status report in compliance with this court's order. (*See* Doc. # 38, at 8 (stating that "Colonial Bank (and the FDIC standing in its shoes) lacks standing to assert . . . claims" under § 8-6-19(a)(2) and that Defendants "presently intend to move against the FDIC's claims on this basis").)

Notwithstanding the tardiness of Defendants' second summary judgment motion (Doc. # 58), in the interest of informed judicial trial preparation in this complex case, the court has considered the merits of Defendants' serial and untimely motion for summary judgment in light of the evidence submitted in support of and in opposition to the ASA claims in the First Amended Complaint. That evidence is sufficient to warrant the denial of Defendants' motion for summary judgment, and an opinion memorializing the court's findings will be forthcoming. Hence, this case will proceed to trial on the iteration of the complaint that has been pending since February 2013.

responses to the amended pleading, which the present briefing forecasts will take the form of Rule 12 motions. *See* Fed. R. Civ. P. 12(b).  Discovery itself necessarily will present another delay in this already aged case.  The accumulation of delay upon delay makes it highly unlikely that a trial in October 2016 will be attainable, and a new trial date likely could not be set for many months based upon the court's congested trial calendar, the length of the trial, and the shortage of district judges in the Middle District of Alabama. *See Swanson v. Van Otterloo*, 177 F.R.D. 645, 650 (N.D. Iowa 1998) (Prejudice that justifies the denial of leave to amend "generally includes reopening discovery or forcing the court to continue the trial.").

The amendment would be prejudicial for an additional, but related, reason.  If permitted, the amendment would come after the conclusion of consolidated pretrial proceedings in the MDL court, after the close of fact and expert discovery, and after briefing and a ruling by the MDL court on Defendants' earlier (and timely) filed motion for summary judgment.  The amendment, by adding a new claim under a different state's blue sky law, would change the future landscape of this litigation, requiring the opening of most, if not all, of the pretrial deadlines that had long passed prior to the FDIC-R's filing of its motion for leave to amend the complaint.  Contrary to the FDIC-R's assertions, even if there is considerable overlap between Nevada's and Alabama's blue sky laws, and even if the FDIC-R's recent production of 100,000 pages of documents contains substantial duplication, permitting an

amendment to the complaint would require discovery, which, even if limited in scope, would be time consuming, burdensome, and costly.[6]

For the foregoing reasons, the court finds that the FDIC-R's motion for leave to amend is due be denied based on undue delay and prejudice.  Accordingly, it is ORDERED that the FDIC-R's motion to amend the complaint (Doc. # 43) is DENIED.

It is further ORDERED that Defendants' motion for oral argument (Doc. # 75) is DENIED.

DONE this 31st day of March, 2016.

_____
/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Because leave to amend will be denied on these grounds, the court need not address Defendants' additional argument challenging the futility of the amendment.